UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANIBAL NORIEGA, | : |
| Petitioner, | : Civil Action No. 14-2566 (CCC) |
| v. | : **MEMORANDUM AND ORDER** |
| MERRILL MAIN, PH.D, et al., | : |
| Respondents. | : |

*Pro se* Petitioner Anibal Noriega, a prisoner confined at the Special Treatment Unit, Annex in Avenel, New Jersey, seeks to bring a habeas petition pursuant to 28 U.S.C. § 2254. Local Civil Rule 81.2 provides:

> Unless prepared by counsel, petitions to this Court for a writ of *habeas corpus* . . . shall be in writing (legibly handwritten in ink or typewritten), signed by the petitioner or movant, on forms supplied by the Clerk.

L.Civ.R. 81.2(a). Petitioner did not use the habeas form supplied by the Clerk for section 2254 petitions, *i.e.*, AO 241 (modified):DNJ-Habeas-008(Rev.01-2014).

Additionally, Petitioner did not did not pay the $5 filing fee for a habeas petition as required by Local Civil Rule 54.3(a) or submit a completed application to proceed *in forma pauperis* in compliance with Local Civil Rule 81.2(b);

THEREFORE, it is on this 30 day of April, 2014;

ORDERED that the Clerk of the Court shall administratively terminate this case, without filing the petition or assessing a filing fee; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is

1

not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs …."); and it is further

ORDERED that the Clerk of the Court shall forward Petitioner a blank habeas petition form—AO 241 (modified):DNJ-Habeas-008(Rev.01-2014); and it is further

ORDERED that the Clerk's service of the blank habeas petition form shall not be construed as this Court's finding that the original petition is or is not timely, or that Petitioner's claims are or are not duly exhausted; and it is further

ORDERED that, to the extent that Petitioner wishes to proceed without payment, Petitioner's application to proceed *in forma pauperis* is denied; and it is further

ORDERED that if Petitioner wishes to reopen this case, he shall so notify the Court, in writing addressed to the Clerk of the Court, M.L. King, Jr. Federal Bldg. & U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07102, within 30 days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed habeas petition on the appropriate form and either: (1) a complete *in forma pauperis* application, including a certification of Petitioner's institutional account, as required by Local Civil Rule 81.2(b) or the $5 filing fee; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a complete, signed petition, the Clerk of the Court will be directed to reopen this case; and it is finally

ORDERED that the Clerk of the Court shall close the file in this matter.

                                              CLAIRE C. CECCHI
                                              United States District Judge