**\*\*NOT FOR PUBLICATION\*\***

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANIBAL NORIEGA, | : | |
| Petitioner, | : | Civil Action No. 14-2566 (CCC) |
| v. | : | **MEMORANDUM OPINION** |
| MERRILL MAIN, Ph.D., et al., | : | |
| Respondents. | : | |

**CECCHI, District Judge**

This matter having come before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by Petitioner Anibal Noriega. Petitioner is an involuntarily committed individual confined by the state of New Jersey in the Special Treatment Unit at Avenel, New Jersey. (ECF No. 1 at 1.[1]) At this time, the Court must screen the Petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases. It appearing:

1. "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000). Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." 28 U.S.C. § 2254 Rule 4. Dismissal without the filing of an answer is warranted "if it appears on the face of the petition that

---

[1] For purposes of this Order, page numbers in ECF documents refer to the page number in the ECF header (*i.e.*, Page __ of __).

petitioner is not entitled to relief." *Id.*; *see also McFarland*, 512 U.S. at 856; *Thomas*, 221 F.3d at 437 (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

2. Section 2254 states that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Involuntary civil commitments are challengeable under § 2254. *Duncan v. Walker*, 533 U.S. 167, 176 (2001) (holding that § 2254 is not limited to addressing only those individuals confined under a criminal conviction, and that it covers "state court order[s] of civil commitment"); *Grass v. Reitz*, 643 F.3d 579, 585 (8th Cir. 2011); *Jenicek ex rel. J.J. v. Sorenson Ranch School, Utah*, No. 14-4422, 2014 WL 7332039, at *3 (D.N.J. Dec. 16, 2014).

3. According to the Petition, Petitioner is civilly detained by the state of New Jersey under the New Jersey Sexually Violent Predator Act, pursuant to a state court order. (ECF No. 1-1 at 14, ¶ 1.) Concurrently, Petitioner is the subject of a detainer in favor of The Department of Homeland Security, Immigration and Customs Enforcement ("ICE") (*see id.* ¶ 2), and is being sought by immigration officials for deportation. (*See id.* at 32.) According to the Petition, an ICE officer informed Petitioner that "ICE would take custody of Petitioner if a court issued an Order releasing Petitioner from State custody." (ECF No. 1 at 18.)

4. As summarized by the Petition, "on or about October 1, 2013, . . . [Petitioner] filed a motion[2] for Order Transferring Custody to [ICE]" in the Superior Court of New Jersey. (ECF No. 1 at 18.) The State opposed the Motion because Petitioner had been deported before, returned to the United States illegally, and upon return committed another crime. (*Id.* at 19.) On October

---

[2] This motion will be referred to as the "Motion."

2

31, 2013, The Honorable Philip M. Freedman in the Superior Court of New Jersey denied the Motion because "the [Superior] Court does not have authority to -- to direct the release of [Petitioner] for purposes of his deportation. (ECF No. 1-1 at 33.) In denying the Motion, Judge Freedman noted that "all of the prior instances where people have been turned over to Immigration via -- or by a consent order, and we've only done it probably three or four times in the past. ¶ It never was ordered by the Court . . . ." (Id.)

5. Petitioner filed the instant Petition for Writ of Habeas Corpus on April 22, 2014. In this Petition, it appears that Petitioner is not challenging the validity of his civil commitment. Instead, Petitioner appears to be challenging the Superior Court of New Jersey's denial of his "Motion to be discharged to the jurisdiction of ICE" for deportation purposes. (ECF No. 1-1 at 21.) Petitioner categorizes this as a denial of a "motion for order transferring custody to [ICE]."

6. The specific relief Petitioner seeks is to "require the custody of Petitioner to be forthwith transferred to ICE and under Immigration Detainer No. A075452452." (ECF No. 1 at 15.) As summarized by the Petition, Petitioner argues that "[a]fter careful review of the record at the trial court proceedings, it is inexplicable as to why the State has released other SVP residents into the custody of ICE, three (3) or four (4) times before and under an active immigration detainer, then refuse[d] to do so in Petitioner's case." (ECF No. 1 at 20.) Petitioner asserts two claims for relief: (1) "ineffectiveness of trial counsel" because his counsel "would not assist Petitioner with appealing the decision of the trial court" (ECF No. 1 at 17); and (2) the state court erred in denying the Motion "for Order Transferring Custody to [ICE]." (Id. at 18.).

7. Under § 2254, a petitioner must raise claims that challenge the very fact or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Dickerson v. Diguglielmo*, 306 F. App'x 707, 708 (2009). Habeas claims may encompass matters relating to execution of a

petitioner's sentence. Transfer decisions, however, are not reviewable on habeas unless they are related to a change in the level of custody, or they are made in contravention of a sentence recommendation. *See Kenney v. Warden Lewisburg USP*, 591 F. App'x 45, 47 (3d Cir. 2014) (holding that the district court did not have jurisdiction to adjudicate a claim challenging a prison transfer because the claim did not challenge "conduct [that] was somehow inconsistent with a command or recommendation in the sentencing judgement"); *Ganim v. Fed. Bureau of Prisons*, 235 F. App'x 882, 884 (3d Cir. 2007) (holding habeas corpus cannot be used to challenge a transfer between prisons unless the transfer amounted to "a quantum change in the level of custody") (quoting *Pischke v. Litscher*, 178 F.3d 497, 499 (7th Cir. 1999)). Here, Petitioner's request for transfer appears unrelated to the very fact or duration of his confinement by the state or to his level of custody. As such, the Court is without jurisdiction to entertain the Petition, and the Petition must be dismissed.

8. Even if the Court had jurisdiction to adjudicate Petitioner's claims, his claims would fail because the state court did not err in denying Petitioner's transfer request. Petitioner does not have a right to be incarcerated at a prison of his choosing. *See Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *see Becerra v. Miner*, 248 F. App'x 368, 370 (3d Cir. 2007) ("[A person] has no justifiable expectation that he will be incarcerated in any particular prison . . . [or] in any particular State."). Therefore, it is clear from the face of the Petition that Petitioner would not be entitled to relief because the denial of transfer was not "in violation of the Constitution or laws or treaties of the

United States." 28 U.S.C. § 2254; *see Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (holding that federal habeas relief is inappropriate if there is no violation of federal law).[3]

9. Although Petitioner couches one of his claims under the guise of ineffective assistance of counsel, such claim must allege that had counsel provided effective assistance, the outcome of his *case* would have been different. *Strickland v. Washington*, 466 U.S. 668, 677 (1984) ("[T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the *proceeding* would have been different.") (emphasis added). "[T]he failure to file a . . . motion does not constitute *per se* ineffective assistance of counsel[.]" *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). This is consistent with § 2254's requirement, as analyzed above, that a habeas challenge must be directed toward the very fact or duration of Petitioner's confinement. It is not enough that the attorney made a mistake; that mistake must also have led to an invalid confinement. *Strickland*, 466 U.S. at 677. Because it appears that Petitioner did not challenge the validity of his state confinement, nor did he allege that the failure to appeal the transfer denial affected the fact or duration of his confinement, his claim would necessarily fail. Moreover, even construing Petitioner's request for transfer as a request for post-conviction relief, his ineffective assistance claim would fail because Petitioner does not have a constitutional right to counsel in post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such

---

[3] Petitioner's argument, that other detainees had been discharged to ICE, is not relevant to this matter. As stated above, to state a valid habeas claim, Petitioner must allege that his confinement is in violation of federal law, and Petitioner has not established that he has a federal right to be discharged to ICE. To the extent Petitioner may be arguing that there was some right under state law, it is not a cognizable claim in a habeas petition. *See Swarthout*, 562 U.S. at 219 ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (citation and quotation omitted).

proceedings."); *United States v. Doe*, No. 13-4274, 2015 WL 8287858, at * 15 (3d Cir. Dec. 9, 2015) (precedential).

10. In the interest of justice, the Court dismisses the Petition without prejudice. To the extent Petitioner is seeking to challenge the validity of his confinement by the state, Petitioner may amend the Petition within thirty days from the date of entry of the accompanying Order. Petitioner should be mindful such challenge must satisfy the statutory requirement that he exhaust his state court remedies first. *See* 28 U.S.C. § 2254(b)(1).

                                                       **Claire C. Cecchi, U.S.D.J.**

Dated: February 4, 2016