**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANIBAL NORIEGA, | : | |
| Petitioner, | : | Civil Action No. 14-2566 (CCC) |
| v. | : | **MEMORANDUM AND ORDER** |
| MERRILL MAIN, Ph.D., et al., | : | |
| Respondents. | : | |

This matter having come before the Court on a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 by Petitioner Anibal Noriega. It appearing:

1. Petitioner is an involuntarily committed individual in the State of New Jersey under the New Jersey Sexually Violent Predator Act. (ECF No. 1 at 1.) In the original Petition, Petitioner raised two grounds for relief: (1) counsel provided ineffective assistance in failing to appeal the denial of transfer; and (2) state court erred in denying to transfer him into the custody of federal immigration officials for removal purposes. (*Id.* at 17-20.)

2. The Court previously dismissed the Petition on screening, holding that it has no jurisdiction to adjudicate Petitioner's claims, because "Petitioner's request for transfer appears unrelated to the very fact or duration of his confinement by the state or to his level of custody." (ECF No. 7 at 4.) The Court allowed Petitioner to amend the Petition to the extent he seeks to challenge the validity of his state confinement. (*Id.* at 6.)

3. Presently before the Court is Petitioner's Amended Petition. (ECF No. 11.) Upon reviewing the Amended Petition, the Court has determined that Petitioner raises virtually the same

allegations in the Amended Petition as he did in the original Petition.[1] (*Compare* ECF No. 1 at 17-20 *with* ECF No. 11 at 16-19.) As such, the Amended Petition is dismissed for lack of jurisdiction for the reasons stated in the Court's previous opinion. (ECF No. 7.)

4. The Court has also reviewed Petitioner's brief in support of the Amended Petition to see if any additional claims have been made. Petitioner argues that his rights under the Equal Protection Clause of the Constitution were violated because the state court had granted the requests of other involuntarily committed individuals to be transferred to Immigration and Customs Enforcement ("ICE") custody for the purposes of deportation, while denying his transfer request. To establish a valid Equal Protection claim, a petitioner must show that he is either a member of a protected class, or that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *see PG Pub. Co. v. Aichele*, 705 F.3d 91, 114 (3d Cir. 2013).

5. In the Amended Petition, Petitioner alleged, as he had in his original Petition, that "it is inexplicable as to why the State has released other SVP residents into the custody of ICE, three (3) or four (4) times before and under an active immigration detainer, then refuse to do so in Petitioner's case." (ECF No. 11 at 19.) Petitioner appears to make this allegation based on the statements made by the state court during his transfer hearing. (ECF No. 1-1 at 33.) The Court has reviewed said transcript, and this is the state court's statement: "[A]ll of the prior instances

---

[1] It appears that the only change Petitioner made between the original Petition and the Amended Petition was to rename his second ground for relief. Whereas the second ground for relief in the initial Petition was "[t]he trial court erred when it denied Petitioner's motion for order transferring custody to ICE," the second ground for relief in the Amended Petition reads, "Denial of Equal Protection and Due Process of Law: Motion for Order Transferring Custody to ICE." (*Compare* ECF No. 1 at 18 *with* ECF No. 11 at 17.) Despite this heading change, Petitioner did not substantively change the allegations and, as with the first ground for relief, used identical language from his prior Petition in its entirety without alteration.

2

where people have been turned over to Immigration via – or by a consent order, and we've only done it probably three or four times in the past." (*Id.*) Petitioner does not identify these individuals or state how their situations compare to his. To the extent Petitioner is alleging that this statement shows there are individuals who are situated similarly to him, each decision to transfer these other individuals would have been determined by the state court on individual factors and histories; without information about these individuals, the Court cannot determine whether any are situated similarly to Petitioner. *See Faruq v. McCollum*, No. 11-5987, 2013 WL 3283942, at *5 (D.N.J. June 25, 2013) (granting defendants' motion to dismiss on plaintiff's claim that he was treated differently than other inmates, holding that "with regard to security level and placement decisions that are based on individual factors and histories, it is hard to imagine that any inmate would be considered similarly situated"); *see also Thorne v. Chairperson Fla. Parole Comm'n*, 427 F. App'x 765, 771 (11th Cir. 2011) (dismissing plaintiff's claim that he was treated differently than other prisoners because he failed to establish that other prisoners were similar to him in all relevant respects); *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1219 (10th Cir. 2011) (finding that *Twombly* and *Iqbal* require a plaintiff to "allege, as it must, the identity or characteristics of other, similarly situated [individuals] and how those similarly situated [individuals] were treated differently" in order to state a valid equal protection claim) (quoting *Glover v. Mabrey*, 384 F. App'x 763, 778 (10th Cir. 2010)). The state court appears to distinguish these cases of transfer from State custody to ICE custody as being accomplished via consent order, whereas in Petitioner's case, the State opposed transfer. (ECF No. 1-1 at 33.) The State opposed the motion for transfer partly because Petitioner had once before been deported, but subsequently reentered the country illegally and committed another crime upon his return. (*Id.*) Under these facts, the Court finds that Petitioner has failed to allege that he is similarly situated as other involuntarily

3

committed individuals requesting transfer from State custody to ICE custody. As such, the Court rejects Petitioner's Equal Protection argument.

6. Petitioner also argues that his due process rights were violated because "[a]lthough Petitioner's term of imprisonment had clearly expired, he was not released into the custody of ICE. Instead, counsel, for Respondent, instituted civil commitment proceedings against Petitioner, under the guise of N.J.S.A. §§ 30:4-27.24 to -27.38." (ECF No. 11-1 at 20.) He further argues that "[d]ue process of law required the State to relinquish its custody over Petitioner, once his term of incarceration concluded[.]" (*Id.*) However, Petitioner cites to no authority stating that an immigration detainer, as a matter of law, supersedes a valid state court order for involuntary commitment, or that the State is required to relinquish its custody.[2] Even assuming such authority, there is no challenge from Petitioner or immigration officials regarding the validity of the state court order. By contrast, the record shows that immigration officials consented to the involuntary commitment, and agreed to take Petitioner into custody only after his release by the State. (ECF No. 1-1 at 33.) This Court has no authority to review that discretionary decision. *See* 8 U.S.C. § 1226(e) ("No court may set aside any action or decision by the Attorney General . . . regarding the detention or release of any alien[.]"). In other words, neither the state officials nor the immigration officials objected to Petitioner's involuntary commitment, and Petitioner does not allege that his

---

[2]     Petitioner cites to cases from this district in support of his argument. (*See* ECF No. 11-1 at 19-20.) However, none of these cases stands for the proposition that an immigration detainer would prohibit state custody under an involuntary commitment order. *Diarrassouba v. United States*, No. 12-2257, 2014 WL 546341 (D.N.J. Feb. 10, 2014) (dismissing Petitioner's habeas petition for lack of jurisdiction, as Petitioner was not "in custody" on the underlying conviction at the time he filed); *Cena v. Hollingsworth*, No. 13-4489, 2013 WL 4039024 (D.N.J. Aug. 7, 2013) (dismissing Petitioner's habeas petition to suspend deportation proceedings for lack of jurisdiction); *Martinez v. Holder*, No. 14-4255, 2014 WL 3519106 (D.N.J. July 16, 2014) (dismissing Petitioner's habeas petition challenging his future deportation proceedings for lack of jurisdiction).

involuntary commitment order was somehow invalid. As the Court held earlier, Petitioner does not have a constitutional right to a transfer.[3] (See ECF No. 7 at 4.)

7. As to Petitioner's ineffective assistance of counsel claim, the Court addressed this issue in its previous decision. (See ECF No. 7.) Petitioner has not alleged new facts. (*Compare* ECF No. 1 at 17-19 *with* ECF No. 11 at 16-18.) For this claim, Petitioner must allege that had counsel provided effective assistance, the outcome of this case would have been different. *See Strickland v. Washington*, 466 U.S. 668, 686 (1984). Petitioner appears to challenge only the outcome of the motion for transfer. (ECF No. 16-18.) Because it appears that Petitioner did not challenge the validity of his state confinement or allege that the failure to appeal the transfer denial affected the fact or duration of his confinement, his claim would necessarily fail. Moreover, construing Petitioner's request for transfer as a request for post-conviction relief, his ineffective assistance claim would fail because Petitioner does not have a constitutional right to counsel in post-conviction proceedings. 28 U.S.C. § 2254(i) ("[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) ("There is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings."); *United States v. Doe*, No. 13-4274, 2015 WL 8287858, at *15 (3d Cir. Dec. 9, 2015) (precedential).

IT IS therefore on this __27__ day of __October__, 2016,

---

[3] *See* 8 U.S.C. § 1231(a)(4)(D) ("No cause or claim may be asserted . . . against any official of the United States or of any State to compel the release, removal, or consideration for release or removal of any alien."); *Gonzalez v. United States*, No. 06-0117, 2010 WL 1660268, at *1 (D.N.J. Apr. 22, 2010) ("No private right of action exists that would permit Gonzalez to compel the Attorney General to deport him.").

**ORDERED** that the Clerk shall **REOPEN** the case by making a new and separate docket entry reading "CIVIL CASE REOPENED"; it is further

**ORDERED** that the Amended Petition, ECF No. 11, is hereby **DISMISSED** without prejudice for lack of jurisdiction; it is further

**ORDERED** that Petitioner's motion to amend/substitute respondents, ECF No. 12, is hereby **DENIED** as moot; it is further

**ORDERED** that to the extent the deficiencies identified by this Court can be cured, Plaintiff is hereby granted thirty (30) days from the date of entry of this Memorandum and Order in which to file an amended complaint that cures the pleading deficiencies set forth; and it is further

**ORDERED** that the Clerk shall serve this Order upon Petitioner by regular mail, and shall **CLOSE** the file.

_____
Claire C. Cecchi, U.S.D.J.